UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EUGENE BRIAN GARVIE,

           Petitioner,

   v.

JASON BENNETT,

           Respondent.

Case No. C24-531-LK-MLP

REPORT AND RECOMMENDATION

    Petitioner Eugene Garvie is a state prisoner who is currently confined at the Stafford Creek Corrections Center ("SCCC") in Aberdeen, Washington. On April 17, 2024, Petitioner submitted to the Court for filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 and an application to proceed with this action *in forma pauperis* ("IFP"). (*See* dkt. ## 1, 1-1.) Upon review of Petitioner's IFP application, this Court determined that Petitioner appeared to have sufficient funds in his prison trust account to pay the $5.00 filing fee for this action. Thus, on April 22, 2024, this Court issued an Order directing Petitioner to show cause why his IFP application should not be denied. (Dkt. # 4.)

    The Court noted in its Order to Show Cause that the certification portion of Petitioner's IFP application reflected a then current trust account balance of $675.31. (Dkt. # 4 at 1 (citing

REPORT AND RECOMMENDATION
PAGE - 1

dkt. # 1 at 2).) The Court further noted that the copy of Petitioner's prison trust account statement submitted with the IFP application showed average monthly receipts of $246.41, and an average spendable balance of $582.81. (*See id.* (citing dkt. # 1-9).) The Court explained that because it appeared Petitioner had sufficient funds to pay the $5.00 filing fee, he would be required to either pay the fee or explain why he could not. (*Id.*) The Court established a deadline of May 23, 2024, for Petitioner to respond to the Order to Show Cause and advised him that his failure to either show cause or pay the $5.00 filing fee by that date would be deemed a failure to properly prosecute this matter and would result in a recommendation that this action be dismissed.

To date, Petitioner has not responded in any fashion to the Court's Order to Show Cause. Shortly after the Court issued the Order, Petitioner filed a notice of appearance, which in no way addressed the filing fee issue. (*See* dkt. #5.) After the deadline established in the Order to Show Cause had passed, the Court received from Petitioner a request for a status update and a copy of the docket, and the Clerk's Office responded by providing Petitioner a copy of the docket sheet. (*See* dkt. ## 6, 7.) Most recently, the Court received from Petitioner a document entitled "Affidavit of Prejudice in Support of Denied Access to the Courts" in which he complains that SCCC law library staff have acted to deny him access to the Courts by, in particular, refusing to make copies of his legal documents. (Dkt. # 8.) However, nothing in that submission explains why Petitioner has yet to address the filing fee issue in this case. (*See id.*)

Petitioner's failure to respond to the Court's Order to Show Cause suggests that he has elected not to pursue this action further. Accordingly, this Court recommends that the instant action be dismissed for failure to prosecute and that Petitioner's application to proceed IFP be stricken as moot. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **July 17, 2024**.

DATED this 26th day of June, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge