UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EUGENE BRIAN GARVIE,<br><br>  Petitioner,<br><br>  v.<br><br>JASON BENNETT,<br><br>  Respondent. | CASE NO. 2:24-cv-00531-LK<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING MOTIONS AS MOOT |

This matter comes before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Michelle L. Peterson. Dkt. No. 9. Judge Peterson recommends that this matter be dismissed for failure to prosecute and that Mr. Garvie's application to proceed *in forma pauperis* ("IFP") be stricken as moot. *Id.* at 2.

Mr. Garvie, a state prisoner proceeding pro se, filed a petition in this Court for a writ of habeas corpus under 28 U.S.C. § 2241. Dkt. No. 1-1 at 1; Dkt. No. 9 at 1. The Court issued an Order to Show Cause stating that because it appeared that Mr. Garvie had sufficient funds to pay the filing fee, he was required to do so or explain why he could not. Dkt. No. 4 at 1. The Court set a May 23, 2024 deadline for Mr. Garvie to respond to the Order to Show Cause, *id.* at 2, but he

did not substantively respond. Judge Peterson noted that his "failure to respond to the Court's Order to Show Cause suggests that he has elected not to pursue this action further," and she therefore recommended that the case be dismissed without prejudice for failure to prosecute. Dkt. No. 9 at 2.

Mr. Garvie filed objections. Dkt. No. 10. The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) (the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to").

Mr. Garvie's objections do not address the filing fee issue and instead contend that the R&R (1) "failed to apply 28 U.S.C. 1915," (2) "failed to order the respondent to produce a certified copy" of various documents, (3) "failed to consider whether . . . an evidentiary hearing would benefit a merits resolution," (4) "assert[ed] a defense by the Magistrate [Judge]," and (5) "concede[d] the cited Sentencing Statutes [are] retroactive." Dkt. No. 10 at 1–3. Mr. Garvie does not explain how the R&R failed to apply Section 1915. The various documents Mr. Garvie filed after his objections do not address the filing fee issue either or request additional time to do so. Dkt. No. 11 at 1 (requesting that the Court provide "all records" for his habeas petition); Dkt. No. 12 at 1 (motion for an order requiring the Respondent to answer the petition); Dkt. No. 13 at 1 (requesting that the Snohomish County Clerk provide records under 28 U.S.C. § 2250);[1] Dkt. No. 14 at 1 ("Request for Docket"); Dkt. No. 15 at 1 (motion for order "commanding the

---

[1] Mr. Garvie is not entitled to records under 28 U.S.C. § 2250 before he has been granted IFP status. 28 U.S.C. § 2250 (requiring the clerk to furnish records to a petitioner if "an order has been made permitting the petitioner to prosecute the application in forma pauperis").

ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING MOTIONS AS MOOT - 2

respondent to produce the relevant record to adjudicate this matter"); Dkt. No. 16 at 2 (motion for leave to conduct discovery). Mr. Garvie has not paid the filing fee, filed an amended IFP application, or shown cause for these deficiencies. He has thus failed to prosecute his case or comply with the Court's Order to Show Cause. *See, e.g.*, *Leon v. Sedlack*, No. 2:23-cv-1336-JLR-GJL, 2024 WL 1624155, at *2 (W.D. Wash. Mar. 25, 2024) (finding that plaintiff failed to prosecute and comply with a court order when he did not pay the filing fee or demonstrate his eligibility to proceed IFP), *report and recommendation adopted*, 2024 WL 1621267 (W.D. Wash. Apr. 15, 2024) (dismissing matter without prejudice).

A district court must weigh five factors when determining whether to dismiss a case for failure to prosecute or comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (cleaned up); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Here, the first two factors weigh in favor of dismissal, while the fourth factor weighs against it. *See, e.g.*, *Spesock v. U.S. Bank, NA*, No. C18-0092-JLR, 2018 WL 5825439, at *3 (W.D. Wash. Nov. 7, 2018) (explaining that the first two factors "nearly always" tip in favor of dismissal, while the fourth "generally cuts against" it). There is no evidence of prejudice to Defendant, who has not yet appeared. However, Mr. Garvie's months-long failure to file an amended IFP application or pay the filing fee—after being warned that the failure to do so could result in dismissal—indicates that less drastic sanctions would not be effective. Dkt. No. 4 at 2; Dkt. No. 9 at 2; *see also Choi v. LG Elecs. USA, Inc.*, No. 2:22-cv-00494-BJR, 2022 WL 17960618, at *3 (W.D. Wash. Dec. 27, 2022) (finding that "in light of Plaintiff's failure to take even the most basic steps necessary to comply with the Court's orders and prosecute her case, the Court perceives no less drastic sanction

that might prompt action on her part"). On balance, the factors weigh in favor of dismissal. The Court thus dismisses the petition without prejudice, denies Mr. Garvie's IFP application, and denies his requests for discovery and documents as moot.

For the foregoing reasons, it is hereby ORDERED that:

(1) The Court OVERRULES Mr. Garvie's Objections, Dkt. No. 10, and ADOPTS the Report and Recommendation, Dkt. No. 9;

(2) Mr. Garvie's Petition for Writ of Habeas Corpus, Dkt. No. 1-1, is DISMISSED without prejudice; and

(3) The Court DENIES as moot Mr. Garvie's motion to proceed IFP and his motions and requests for records, Dkt. Nos. 1, 11–16.

Dated this 26th day of July, 2024.

*Lauren King*

Lauren King
United States District Judge