UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EUGENE BRIAN GARVIE,<br><br>　　　　　　　Petitioner,<br>　v.<br>JASON BENNETT,<br><br>　　　　　　　Respondent. | CASE NO. 2:24-cv-00531-LK<br><br>ORDER DENYING MOTIONS TO APPOINT COUNSEL AND FOR RELIEF FROM JUDGMENT |

This matter comes before the Court on Petitioner Eugene Garvie's motion to appoint counsel and five motions to void the judgment in this case under Federal Rule of Civil Procedure 60(b)(4). Dkt. Nos. 19, 29, 32, 35–36, 38. For the reasons set forth below, the Court denies the motions.

## I.　BACKGROUND

On July 26, 2024, the Court adopted the Report and Recommendation ("R&R") of United States Magistrate Judge Michelle L. Peterson and dismissed Mr. Garvie's petition for writ of habeas corpus without prejudice for failure to prosecute and failure to comply with the Court's order. Dkt. No. 17 at 3–4. Specifically, Mr. Garvie did not pay the filing fee, file an amended

application to proceed *in forma pauperis*, or show cause for these deficiencies as required by the Court's Order to Show Cause. *Id.* Mr. Garvie filed an appeal, Dkt. No. 18, a motion for appointment of counsel, Dkt. No. 19, and then five nearly identical motions for relief from the judgment, Dkt. Nos. 29, 32, 35–36, 38.

## II.  DISCUSSION

Mr. Garvie filed his motions to appoint counsel and for relief from the judgment after he filed his notice of appeal. Dkt. No. 18 (Notice of Appeal); Dkt. No. 19 (Proposed Motion to Appoint Counsel); Dkt. Nos. 29, 32, 35–36, 38 (motions for relief from the judgment). Because he filed his motions after his appeal, this Court lacks jurisdiction to entertain his motions. *Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2002); *see also Estrada v. Clines*, 559 F. App'x 652, 652-53 (9th Cir. 2014). "To seek Rule 60(b) relief during the pendency of an appeal, the proper procedure is to ask the district court whether it wishes to entertain the motion, or to grant it, and then move [the Ninth Circuit], if appropriate, for remand of the case." *Williams*, 384 F.3d at 586 (quotation marks omitted). Mr. Garvie did not follow that procedure, the Court does not have jurisdiction over his motions, and any order the Court would issue on them would be void for lack of jurisdiction. *Id.* The Court may summarily strike future procedurally improper filings.

Mr. Garvie also seeks a certificate of appealability, Dkt. No. 29 at 2, but the Court has already denied that request, Dkt. No. 28.

## III.  CONCLUSION

Accordingly, the Court DENIES Mr. Garvie's motion to appoint counsel and motions for relief from the judgment for lack of jurisdiction. Dkt. Nos. 19, 29, 32, 35–36, 38.

Dated this 30th day of October, 2024.

Lauren King
United States District Judge